IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JUAN RAMON GOMIS RABASSA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA; ) <br> INTERNAL REVENUE SERVICE; ) <br> AND BANCO DE SABADELL, S.A. ) <br> ) <br> Respondents. ) | Case No. 1:21-cv-23713-JEM |

## RESPONSE TO MOTION TO QUASH SERVICE OF PROCESS

The United States of America responds to petitioner Juan Ramon Gomis Rabassa's ("Petitioner") motion to quash service of process [ECF 5] and states the following in support.

1. On or about October 29, 2021, Petitioner served the United States with the petition to quash summons [ECF 1] and subsequently amended his petition on November 10, 2021 [ECF 19].

2. The United States' deadline to respond to the amended petition is December 28, 2021.

3. On or about October 21, 2021, Petitioner filed a motion to quash service of "process" of the summons from the IRS to Banco de Sabadell described in Petitioner's petition to quash summons (the "Motion to Quash").

4. Petitioner's Motion to Quash is, in fact, a recitation of Petitioner's same arguments raised in his Petition to Quash the Summons (and his Amended Petition to Quash), namely that the summons is defective because it was not noticed upon Petitioner in accordance with 26 U.S.C. § 7609(a)(1)-(2).

5. Petitioner raises no argument that the summons was not properly served on Banco de Sabadell. Indeed, based on the documents attached to the Petition, service appears to have been proper mail service on a third-party recordkeeper as authorized under 26 U.S.C. § 7603(b).

6. Petitioner's Motion to Quash should be denied because the relief Petitioner seeks is properly brought through his petition to quash the summons. *See* 26 U.S.C. § 7609(a)(1)-(2), (b)(2)(A) (providing that taxpayer must be given notice of summons after service of the summons, and may bring a proceeding to quash after service); *see also Huffman v. United States*, Case 07-80736-Civ-Hurley/Hopkins, 2007 U.S. Dist. LEXIS 94076, *6 (S.D. Fla. Nov. 29 2007). The Motion to Quash—aside from being duplicative—serves to impermissibly reduce the United States' time to respond to the Petition (60 days) to that of a motion (14 days).

7. In any event, on November 10, 2021, the Internal Revenue Service mailed a notice of withdrawal of the summons described in the Petition to Banco de Sabadell and the Petitioner, and will re-issue a summons to correct any perceived notice issue.

8. Accordingly, the notice argument that forms the basis of Petitioner's Motion to Quash is moot.

WHEREFORE, the United States respectfully requests that this Court deny Petitioner's Motion to Quash Service of Process or otherwise hold Petitioner's motion in abeyance until the United States timely responds to the Petition to Quash.

DATED:   November 11, 2021                Respectfully submitted,

                                          David A. Hubbert
                                          Acting Assistant Attorney General

**/s/ Aaron C. Brownell**

Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-514-6070 (v)
202-514-4963 (f)
Aaron.c.brownell@usdoj.gov

and

JUAN ANTONIO GONZALEZ

UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

I certify that the foregoing **Response** was served on this date November 11, 2021, by CM/ECF electronic mail or regular mail addressed to:

**Richard Baron**
Baron, Freslin & Sarmiento
EService@RichardBaronLaw.com

RB@RichardBaronLaw.com

(Counsel for Petitioner)

**Banco de Sabadell, S.A.**
1111 Brickell Avenue,
STE 3010
Miami, FL 33131

Date: November 11, 2021                     /s/ Aaron Brownell

                                                                  Trial Attorney, Tax Division
                                                                  U.S. Department of Justice